Wood, J.
A great deal of testimony has been taken in inis case; the letters of the respondent are introduced, both to the complainant and one Bveret, in which the respondent speaks of the sale of his farm to the complainant, and in general terms of the conditions of tho sale, and there is some confusion in the evidence, whether a slip of paper produced in pencil marks, dr a book introduced in testimony, contains the contract referred to; or whether another book, kept back by the respondent, is the one in which it is entered. So far as it relates to the two first, they may be laid out of view, for the name of Harold, the respondent, neither appears in the body, at the top nor bottom of either; and it is a well-settled rule, that the name of the person to be charged must appear at least somewhere upon the instrument, and it must be placed there for the purpose also of giving it authenticity:
I shall at this time advert to no other evidence but that of R. Dickinson, which is relied upon by the complainant, as proving the execution of such memorandum on the book which it is supposed by counsel has not been produced in court. He states that he saw the parties together, in the respondent’s office, seven or eight years ago, and heard a conversation between them in relation to tho sale of this land. Ho understood the contract was not reduced to writing, in full, but the respondent remarked he had taken down the heads, in order to write it out in full when he got home, as he always did. The witness understood the terms were agreed upon, and noted down in a book, which he saw, but the witness is uncertain whether he saw the memorandum or not.
This is the evidence on which counsel mainly rely to prove the execution of this memorandum. It is, in our view, insufficient. It is denied by the answer that it was over executed ; it is denied iu 403] the letters of the respondent, introduced by the *complainant, and there is no evidence by the complainant, who sets up such memorandum, that it over was signed; there is no act relied upon as part performance, to take tho case out of the statute, and the bill must be dismissed, as the case is clearly embraced within its provisions, and for want of such memorandum signed by the party, can not be sustained. Bill dismissed.